**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ROGELIO TOJ-CULPATAN,

*Petitioner,*

v.

ERIC H. HOLDER JR., Attorney
General,

*Respondent.*

No. 05-72179

Agency No.
A076-690-191

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
March 1, 2009—San Francisco, California

Filed December 1, 2009

Before: Alex Kozinski, Chief Judge, Procter Hug, Jr. and
Carlos T. Bea, Circuit Judges.

Per Curiam Opinion

15667

**COUNSEL**

Lisa M. Calero, Esquire, Robert L. Lewis, Esquire, LAW OFFICE OF ROBERT L. LEWIS, Oakland, California, Charles E. Nichol, Esq., LAW OFFICES OF CHARLES E. NICHOL, San Francisco, California, for the petitioner.

Antoinette Barksdale, Senior Litigating Attorney, U.S. Department of Justice Civil Division-Appellate, Washington, DC, Ronald E. LeFevre, OFFICE OF THE DISTRICT COUNSEL, Department of Homeland Security, San Francisco, California, Mark Lenard Gross, Esquire, Deputy Chief Counsel, DOJ - U.S. DEPARTMENT OF JUSTICE, Civil Rights Division/Appellate Section, Washington, DC, for the respondent.

**OPINION**

PER CURIAM:

Rogelio Toj-Culpatan, a native and citizen of Guatemala, petitions for review of an order by the Board of Immigration Appeals ("BIA") summarily affirming the Immigration Judge's ("IJ") denial of Petitioner's requests for asylum, withholding of removal, and deferral of removal under the Con-

vention Against Torture. The IJ denied Petitioner's application for asylum because he did not file his asylum application within one year after his entry into the United States, as required by 8 C.F.R. § 208.4(a)(2), and because he did not face any "extraordinary circumstances" excusing his late filing under 8 C.F.R. § 208.4(a)(5).

Petitioner entered the United States in February 1998 and was immediately detained by the Immigration and Naturalization Service. On March 10, 1998, Petitioner appeared before an IJ and was given extra time to find an attorney. He was also given a list of attorneys willing to take immigration cases pro bono. At a hearing on March 25, 1998, Petitioner told the IJ he "would have problems to go back to my country." The IJ asked Petitioner if he would like to apply for political asylum and Petitioner said he would. The IJ gave him a Form I-589 asylum application along with the instructions and told him, with the help of an interpreter, that the application had to be filled out in English. Petitioner said he understood and agreed to bring the application to his next hearing on April 16, 1998.

At the April hearing, Petitioner, now represented by counsel, had an asylum application to file. The IJ thanked him for filling out his application in a timely manner, but rejected the application because Petitioner filled it out in Spanish instead of English, as required. *See* 8 C.F.R. § 208.3(a) ("An asylum applicant must file Form I-589 . . . in accordance with the instructions on the form"); Instructions for Form I-589 Application for Asylum and for Withholding of Removal at 4 ("answers must be completed in English"). The IJ scheduled Petitioner's next hearing for May 14, 1998, and Petitioner agreed to file the application in English at that time. Counsel specifically told Petitioner that if Petitioner sent counsel the application in Spanish, counsel would have it translated into English for him.

The record does not reflect whether Petitioner failed to send counsel the application in a timely manner or whether

counsel failed to have the application translated and timely filed. We note, however, that Petitioner does not raise an ineffective assistance of counsel claim.

Petitioner then moved from Arizona to California. Consequently his case was transferred. Still represented by the same counsel, Petitioner finally filed his asylum application in English at his first hearing in the new venue on September 7, 1999, approximately 7 months after the one year deadline of February 1999.

**[1]** A late filing can be excused if "extraordinary circumstances" prevented the alien from filing an asylum application within one year. 8 C.F.R. § 208.4(a)(5). The applicant bears the burden of proving such circumstances existed "[t]o the satisfaction of the asylum officer, the immigration judge, or the Board . . . ." 8 C.F.R. § 208.4(a)(2)(i)(B). The IJ and the BIA rejected Petitioner's contention that he faced "extraordinary circumstances" preventing him from filing an asylum application within one year of his arrival into the United States.

Although we do not have jurisdiction to review the BIA's factual determinations regarding Petitioner's circumstances, *see Dhital v. Mukasey*, 532 F.3d 1044, 1049 (9th Cir. 2008) (per curiam), we do have jurisdiction to review the BIA's legal determination that the undisputed facts in Petitioner's case do not constitute "extraordinary circumstances." *See* 8 U.S.C. § 1252(a)(2)(D); *Dhital*, 532 F.3d at 1049.

We must decide whether, as a matter of law, Petitioner faced "extraordinary circumstances" justifying the untimely filing of his asylum application where: (1) Petitioner does not speak English; (2) Petitioner was detained for two months in an immigration detention center; and (3) Petitioner's case was transferred after he moved from Arizona to California. We hold that none of these circumstances, either alone or in combination, constitute "extraordinary circumstances" justifying

the untimely filing of an asylum application, and we deny the petition.[1]

The regulation excepting aliens who face "extraordinary circumstances" from the one year deadline does not define the term "extraordinary circumstances." 8 C.F.R. § 208.4(a)(5). The regulation does list several examples of what could constitute "extraordinary circumstances," including, but not limited to, a serious illness, a legal disability, or ineffective assistance of counsel. *Id.* Petitioner does not contend that any of the examples listed in 8 C.F.R. § 208.4(a)(5) apply in his case.

[2] Petitioner has failed to meet his burden. There is simply nothing "extraordinary" about the circumstances listed by Petitioner that can justify his late filing. First, Petitioner fails to explain how his inability to speak English is extraordinary for an alien nor how it prevented him from timely filing an asylum application in English, especially given that the government makes translators available to immigrants who do not speak or read English. Petitioner does not contend that circumstances beyond his control prevented him from receiving help from a translator. Petitioner also had an attorney who stated on the record he would help Petitioner file a timely application in English. Even though Petitioner did not speak English, his attorney did. Further, we take judicial notice of the fact that many immigrants who come to this country do not speak English fluently.[2] The inability to speak English constitutes an ordinary, not extraordinary, circumstance for

---

[1] We analyze Petitioner's application for withholding of removal and relief under the Convention Against Torture in an accompanying memorandum disposition.

[2] U.S. Census Bureau, 2005-2007 American Community Surveys, *available at* http://factfinder.census.gov/home/saff/main.html?_lang=en (follow "People" hyperlink; then follow "Origins and Language" hyperlink; then follow "Characteristics Foreign Born Population" hyperlink) (estimating that 62.2% of the population of people born in a foreign country who are not U.S. citizens speak English less than "very well").

immigrants. Many of these non-English speaking immigrants timely file asylum applications in English.

**[3]** Second, Petitioner claims his detention should be considered an extraordinary circumstance, but he was detained only from February to March of 1998. Petitioner does not contend the immigration detention center in any way prevented him from filing the application, and he had counsel throughout his time there. Petitioner also fails to explain how his two month detention prevented him from filing during the months he was not detained.

**[4]** Last, Petitioner fails to explain how the transfer of his case prevented him from filing a timely application. He did not need to wait for a hearing to file an application. *See* 8 C.F.R. § 208.4(b) ("Form I-589, Application for Asylum and Withholding of Removal, must be filed in accordance with the instructions on the form"); Instructions for Form I-589 Application for Asylum and for Withholding of Removal at 10 (instructing applicants currently in proceedings to file their application with the Immigration Court without any restriction that they wait for a hearing). Moreover, to qualify as an exception to the one year rule, Petitioner must prove "that the circumstances were not intentionally created by the alien through his or her own action or inaction." 8 C.F.R. § 208.4(a)(5). Petitioner caused this particular circumstance to occur by moving to California from Arizona.

**[5]** Petitioner has failed to explain how any of these circumstances prevented him from filing an asylum application in English within one year of his arrival nor how his delay was justified. As a result, we hold that these circumstances are not "extraordinary" as a matter of law. *See Dhital*, 532 F.3d at 1050 (holding an alien failed as a matter of law to prove he faced extraordinary circumstances where he had an unexplained delay of 22 months from the date he dropped out of college and consequently lost his lawful status).

**[6]** Because Petitioner did not file an asylum application in English within the one year deadline and no "extraordinary circumstances" prevented him from filing on time, we deny his petition for review of the BIA's order affirming the IJ's denial of asylum.

**PETITION FOR REVIEW DENIED.**